UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KULWANT SINGH, <br><br> Plaintiff, <br><br> v. <br><br> ICE FIELD OFFICE DIRECTOR, <br><br> Defendant. | CASE NO. C11-1173 MJP <br><br> ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

The Court, having reviewed Kulwant Singh's Petition for Writ of Habeas Corpus (Dkt. No. 6), Respondent's Motion to Dismiss (Dkt. No. 9), the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, and Respondent's objections (Dkt. No. 14), and the remaining record, the Court GRANTS Singh's petition and DENIES Respondent's motion to dismiss.

**Background**

Petitioner Kulwant Singh ("Singh") is a native and citizen of India who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal. (AR R83-84.) The final removal order issued on May 3, 2011. (Id.) A little over a

1  month later, on June 19, 2011, Singh was apprehended by the United States Border Patrol and
2  transported to the Northwest Detention Center in Tacoma, Washington, where he remains
3  detained. (AR R 71-73.) In July 2011, Singh filed a motion to reopen with the BIA and a
4  petition for review with the Ninth Circuit. (AR R147-48.) Based on the petition for review, the
5  Ninth Circuit automatically issued a temporary stay of removal, AR R147; however, the Ninth
6  Circuit ordered Singh to show cause why the petition should not be dismissed for lack of
7  jurisdiction. Singh v. Holder, NO. 11-72020 (Dkt. No. 4.) When Petitioner voluntarily
8  dismissed the petition for review in August 2011, the Ninth Circuit removed the stay of removal.
9     On August 25, 2011, the BIA denied Singh's motion to reopen his immigration
10 proceedings and Singh filed a timely petition for review of the BIA decision. Based on this
11 second petition for review, the Ninth Circuit again issued a temporary stay of removal. Singh v.
12 Holder, No. 11-72546. The stay remains in effect as his petition for review remains pending in
13 the Ninth Circuit. On September 15, 2011, Singh was granted an individualized bond
14 redetermination hearing before an immigration judge and the immigration judge determined
15 Singh should remain detained without bond.

16                              **Discussion**

17     As detailed in Judge Theiler's Report and Recommendation, the Ninth Circuit recently
18 extended procedural safeguards to aliens detained under 8 U.S.C. § 1231(a)(6) while seeking
19 collateral judicial review of final orders of removal through motions to reopen. Diouf v.
20 Napolitano, 634 F.3d 1081, 1084-86 (9th Cir. 2011). Under Diouf, an alien facing prolonged
21 immigration detention under § 1231(a)(6) "is entitled to release on bond unless the government
22 establishes that he is a flight risk or a danger to the community." Id. at 1082. In Singh v.
23
24

1  Holder, the Ninth Circuit set forth the heightened standard the government had to meet in bond

2  hearings as clear and convincing evidence.  638 F.3d 1196, 1205 (9th Cir. 2011).

3  As Respondent concedes, the six month removal period expired on November 3, 2011.

4  Judge Theiler recommended the Court order a bond hearing before an immigration judge

5  because, while a hearing was held on September 15, 2011, there was no indication that the

6  immigration judge properly allocated the burden of establishing Singh is a flight risk to the

7  government.  (Dkt. No. 13 at 6.)  Respondent objects to the recommendation, presenting for the

8  first time the bond memorandum issued September 28, 2011, which details the immigration

9  judge's decision to keep Singh detained.  (Dkt. No. 14.)

10  Having reviewed the bond memorandum, the Court remains unconvinced that the

11  immigration judge properly stated the legal standard for determining whether Singh is a flight

12  risk.  In the Ninth Circuit, in order for the alien to remain detained without bond, the government

13  must establish by clear and convincing evidence that the alien is a flight risk or will be a danger

14  to the community.  Casas-Castrillon, 535 F.3d 942, 951 (9th Cir. 2008).  A Casas-Castrillon

15  individualized bond hearing is necessary to ensure that "the government's purported interest" in

16  securing the alien's presence at removal "is actually served by detention in [t]his case."  Casas-

17  Castrillon, 535 F.3d at 949.  Here, however, the immigration judge's bond memorandum mis-

18  states the legal standard.  The immigration judge stated: "DHS bears the burden of proving by

19  clear and convincing evidence that the Respondent is: (1) Not a danger to the community; (2)

20  Not a flight risk."  (Dkt. No. 14-1, Ex. A at 4 (emphasis added).)  This is an altogether different

21  standard than required by Casas-Castrillon.  To require the government prove Singh is not a

22  flight risk is not the same as requiring the government prove Singh is a flight risk.

23

24

ORDER GRANTING PETITIONER'S PETITION
FOR WRIT OF HABEAS CORPUS- 3

To the extent the immigration judge later states the correct standard, the analysis suggests it was the former, incorrect standard that was applied.  In determining whether a detained alien presents a flight risk or danger to the community, the Ninth Circuit refers immigration judges to factors set forth in <u>Matter of Guerra</u>:  (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.  <u>Matter of Guerra</u>, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

Here, Singh has no criminal history.  Singh's manner of entry into the United States was not particularly scandalous.  He entered on a visitor visa, and overstayed the visa by a month before filing a timely application for asylum. (AR L126-38.)  Further, during the course of his removal proceedings, there is no record that Singh routinely missed court appearances or that he attempted to flee persecution or otherwise escape from authorities.  Based on the May 19, 2011 report of the Blaine Border Patrol agents who apprehended him, in fact, Singh readily confessed that he did not have immigration papers.  (AR R72.)  While the immigration judge observed Singh does not have family in the United States and does not have a stable work history, this falls far short of demonstrating Singh is a flight risk by clear and convincing evidence.  To the extent the immigration judge held no bond is appropriate because "[Singh's] potential for relief is extremely narrow" and he has "no incentive to appear if called for removal or any future

ORDER GRANTING PETITIONER'S PETITION
FOR WRIT OF HABEAS CORPUS- 4

1  hearing," this is not enough to justify denial of a bond. (Dkt. No. 14, Ex. A at 6.) As the Ninth
2  Circuit observed, the fact that an alien has already been ordered removed does not alone establish
3  the alien presents a flight risk given that all detainees afforded <u>Casas</u> bond hearings are subject to
4  a final removal order. <u>Singh v. Holder</u>, 638 F.3d 1196, 1205 (9th Cir. 2011).

5  Given the immigration judge's conflicting recitations of the legal standard and an
6  analysis suggesting the wrong legal standard was applied, the Court finds Singh is entitled to an
7  individualized bond hearing in which the government bears the burden of establishing Singh is a
8  flight risk.

## Conclusion

10  The Court finds it is unclear whether the immigration judge at the September 15, 2011
11  hearing properly allocated the burden of establishing Singh is a flight risk or a danger to the
12  community to the government. The Court ADOPTS Judge Theiler's Report and
13  Recommendation and ORDERS Respondent to provide Petitioner with a <u>Casas-Castrillon</u> bond
14  hearing within thirty (30) days of entry of this Order. The Petitioner must be released from
15  detention unless the government establishes by clear and convincing evidence that he is a flight
16  risk or a danger to the community.

17  The Clerk shall send a copy of this Order to the parties, and to Judge Theiler.
18  Dated this <u>18th</u> day of January, 2012.

Marsha J. Pechman
United States District Judge

ORDER GRANTING PETITIONER'S PETITION
FOR WRIT OF HABEAS CORPUS- 5